**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4428**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID ALLEN TINDALL,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-03-227)

---

Submitted:  February 28, 2006        Decided:  April 10, 2006

---

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a written plea agreement, David Allen Tindall pled guilty to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West Supp. 2005). The district court sentenced him to a seven-year term on the first conviction, and, on the second conviction, a consecutive thirteen-year term, which was the result of the government's motion for a downward departure from the twenty-five year sentence mandated by the statute. Tindall's attorney has filed an appeal brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the validity of the guilty plea and the propriety of Tindall's sentence. At the direction of the court, Tindall and the government filed supplemental briefs addressing the validity of the sentence under United States v. Booker, 543 U.S. 220 (2005). Tindall asserted additional claims in his pro se supplemental brief. For the reasons that follow, we affirm Tindall's convictions and sentence.

We find that Tindall's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. He was properly advised of his rights, the offenses charged, the maximum sentence for the offense, and the mandatory minimum sentences applicable. The court also determined that Tindall intended to plead guilty to brandishing, that there was an independent factual basis for the plea, and that the plea was not

- 2 -

coerced or influenced by any promises.  See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Tindall challenges his sentence pursuant to United States v. Booker, which was decided while his appeal was pending.  He first contends that he was improperly subject to the seven-year mandatory minimum sentence based on the determination that he "brandished" the firearm in relation to his conviction on count 2 of the indictment.  Specifically, Tindall argues that, because the indictment did not charge brandishing, his sentence was improperly enhanced, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Booker.  We note that Tindall expressly admitted to, and pled guilty to, brandishing the firearm.  Thus, the district court's reliance on facts admitted by Tindall does not implicate the problems with judicial factfinding that Booker identified.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  We find no error in the application of the seven-year mandatory sentence on count 2.

Next, Tindall contends that, because count 4 of the indictment did not charge that it was a second or subsequent conviction, the twenty-five-year mandatory minimum sentence should not have been applied.  In United States v. Cristobal, 293 F.3d 134, 146-47 (4th Cir. 2002), we rejected this same challenge to the enhanced sentence imposed for a "second or subsequent conviction,"

finding it to fall within the prior conviction exception. Id. at 147, n.20 (citing Deal v. United States, 508 U.S. 129, 133 (1993)); see also Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998).

In his pro se brief, Tindall asserts that he asked his attorney to arrange for a bond hearing, a suppression hearing to assert that his confession was given under duress, a pre-trial conference to discuss the plea agreement, and an independent psychiatric evaluation, but that his attorney did not request any of these things. He contends that his mental health at the time of the crimes should have been explored further. He states that because of his attorney's failure to pursue the issues he asserted, he "was coerced into accepting a plea that [he] wasn't comfortable with."

To the extent that Tindall challenges the validity of his plea, his bare statement that he was not satisfied with the plea is insufficient to overcome the strong presumption that the plea is final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Tindall's remaining claims are assertions that his attorney provided ineffective assistance. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that Tindall has

failed to meet the high burden necessary to raise ineffective assistance of counsel claims on direct appeal.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Tindall's convictions and sentence. We deny his motion to relieve counsel at this time. This court requires that counsel inform her client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>